# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
JULY 2024 02789
E-Filing Number: 2407055556

| | |
|---|---|
| PLAINTIFF'S NAME<br>RAYMOND TARTE | DEFENDANT'S NAME<br>GILBANE BUILDING COMPANY |
| PLAINTIFF'S ADDRESS<br>31 PETERS LANE APT. K4<br>BLACKWOOD NJ 08012 | DEFENDANT'S ADDRESS<br>1200 INTREPID AVENUE SUITE 405<br>PHILADELPHIA PA 19112 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ABC CONTRACTORS 1-5 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>UNKNOWN<br>PH PA 19112 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN AND JANE DOES 1-5 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>UNKNOWN<br>PHILADELPHIA PA 19112 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 3

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JUL 25 2024
C. SMITH

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RAYMOND TARTE

Papers may be served at the address set forth below.

| | | |
|---|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>SCOTT I. FEGLEY | | ADDRESS<br>SUITE 402A<br>301 OXFORD VALLEY ROAD<br>YARDLEY PA 19067 |
| PHONE NUMBER<br>(215)493-8287 | FAX NUMBER<br>(215)493-1567 | |
| SUPREME COURT IDENTIFICATION NO.<br>51179 | | E-MAIL ADDRESS<br>scott@fegleylaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*SCOTT FEGLEY* | | DATE SUBMITTED<br>Thursday, July 25, 2024, 04:03 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Scott I. Fegley, Esq.
The Fegley Law Firm
Attorney I.D. No. 51179
Makefield Executive Quarters
301 Oxford Valley Road
Suite 402 A
Yardley, PA 19067
(215) 493-8287

Filed and Attested by the Office of Judicial Records 25 JUL 2024 04:03 pm
S. SMITH

JURY TRIAL DEMANDED

| | |
|---|---|
| RAYMOND TARTE<br>31 Peters Lane<br>Apt. K4<br>Blackwood, NJ 08012<br><br>Plaintiff,<br>v.<br><br>GILBANE BUILDING COMPANY<br>1200 Intrepid Avenue<br>Suite 405<br>Philadelphia, PA 19112<br><br>and<br><br>ABC SUBCONTRACTORS 1- 5<br><br>and<br><br>JOHN or JANE DOES 1 - 5<br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM<br><br>DOCKET NO.<br><br>Civil Action |

**COMPLAINT**

Plaintiff, Raymond Tarte, by way of a complaint against the defendants, Gilbane Building Company (hereinafter "Gilbane"), ABC Contractors 1-5 and John or Jane Does 1-5 , hereby alleges and says:

**THE PARTIES**

1. Plaintiff is an adult resident of the State of New Jersey and resides at 31 Peters Lane, Apt. K4 in Blackwood, New Jersey 08012.

2. Upon information and belief, Gilbane Building Company is a corporation authorized to do business and doing business in the Commonwealth of Pennsylvania with a principal place of business located at 1200 Intrepid Lane, Suite 405, Philadelphia PA 19112.

3. ABC Subcontractors 1-5 are the fictitious names for the subcontractors believed to be retained by Gilbane for the project involving construction occurring at the 30th Street Station railroad terminal in March 2023 and who were responsible for (1) design and construction of loading platforms, ramps or scaffolding on floors above ground level and/or (2) whose construction materials were present on the 13th floor (or other floor revealed through discovery) of the building under construction, and/or (3) whose workers were present on the 13th floor (or other floor revealed through discovery)of the building under construction on the day of the plaintiff's accident.

4. John and Jane Does 1-5 are the fictitious names of the workers of the aforementioned subcontractors with supervisory responsibility or with responsibility to monitor safety conditions on the 13th floor (or other floor revealed through discovery)of the building under construction, or otherwise present on the day of the plaintiff's accident on the 13th floor (or other floor revealed through discovery)of the building under construction and who caused the 2x 8 plank to dislodge and fall striking the plaintiff on the ground below.

**JURISDICTION AND VENUE**

5. Gilbane has its principal place of business located within Philadelphia County and regularly conducts business there.

6. The 30 Street Station construction site where the plaintiff's accident occurred is located within the boundaries of Philadelphia County.

7. The parties' conduct of business, Gilbane's maintenance of a place of business

and the occurrence of the accident in Philadelphia are sufficient for this Court to exercise jurisdiction over all defendants pursuant to 42 Pa.C.S.A. §5301(1)-(2).

## FACTS

8. On or about March 29, 2023, the plaintiff was working at the 30th Street Station construction site for his employer Madison Concrete Construction.

9. Madison Concrete was a subcontractor retained by defendant Gilbane for concrete work associated with the project.

10. Gilbane was the general contractor for the 30th Street Station construction project in charge of overseeing the project and all subcontractors.

11. ABC Subcontractors 1-5 were all present with employees working on site on the day of the plaintiff's accident.

12. While the plaintiff was working at street level, a 2 x 8 wooden plank was dislodged from a loading dock or ramp or scaffold above believed to be on the 13th floor of the building under construction which fell and hit the plaintiff on his head, shoulder and ankle causing him severe and permanent injuries.

## COUNT I – NEGLIGENCE
## GILBANE AND ABC SUBCONTRACTORS 1-5

13. Plaintiff repeats and realleges the allegations of the prior paragraphs of his complaint as though they were set forth at length herein.

14. Defendant Gilbane and ABC Subcontractors 1-5 had a duty to provide for the safety of workers and other passersby at street level from the ongoing construction.

15. It was foreseeable to Gilbane and ABC Subcontractors 1-5 that construction materials or debris could become dislodged from upper floors of a high-rise building under

construction and fall causing serious injury or death upon striking a person working below or walking by at street level.

16. Defendant, Gilbane and ABC Subcontractors' negligence consists of, *inter alia*,

a. failing to properly design, construct, inspect, maintain, and install the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

b. failing to properly load, unload or otherwise move construction materials on or upon the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

c. failing to provide proper training and supervision for the workers utilizing the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

d. failing to properly design, construct, inspect, maintain and install safety nets or other apparatus underneath loading docks, ramps and scaffolds to catch falling materials and debris and prevent them from striking workers or passersby on the ground below;

e. failing to comply with all applicable federal, state and local laws and regulations pertaining to safety and, particularly, with regard to design, construction and use of loading docks, ramps, scaffolds or other structures on a construction site;

f. otherwise failing to exercise reasonable care with regard to the design, construction and use of loading docks, ramps, scaffolds or other structures on a construction site and the training and supervision of the workers who use them.

17. As a result of the defendants' negligence, plaintiff sustained severe and permanent injuries including, but not limited to, traumatic brain injury, fractured scapula, and a fractured ankle all of which have required medical treatment and continue to require medical treatment.

18. As a result of the defendants' negligence, plaintiff sustained severe and permanent injuries which have prevented him from working in his trade since the date of the accident and which will prevent him from working in the future.

19. As a result of the defendants' negligence, plaintiff's injuries have prevented him from engaging in other usual and customary daily activities and deprive him of the enjoyment of life's pleasures.

20. As a result of his injuries, plaintiff continues to experience pain , discomfort, and limited range of motion in his neck, shoulders and ankle and dizziness and headaches all of which may be permanent sequalae from the accident

21. As a result of the defendants' negligence, plaintiff has suffered loss of wages and benefits from employment, loss of earning capacity in the future, medical expenses, an obligation for reimbursement of workers compensation benefits, and other significant economic loss.

WHEREFORE, plaintiff Raymond Tarte demands entry of judgment in his favor and against all defendants for compensatory damages in an amount in excess of $50,000.00.

**COUNT II – NEGLIGENCE**
**JOHN AND JANE DOES 1-5**

22. Plaintiff repeats and realleges the allegations of the prior paragraphs of his complaint as though they were set forth at length herein.

23. Defendants John and Jane Does 1-5 had a duty to exercise reasonable care in the use of the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

24. It was foreseeable to defendants John and Jane Does 1-5 that construction materials or debris could become dislodged from upper floors of a high-rise building under construction and fall causing serious injury or death upon striking a person working below or walking by at street level.

25. Defendant, John and Jane Does 1-5 negligence consists of, *inter alia,*

a. failing to take proper precautions and exercise reasonable care in the use of or movement upon the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

b. failing to properly load, unload or otherwise move construction materials on or upon the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

c. failing to make proper observations of the condition of or the materials upon the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged;

d. failing to give warning of any hazardous conditions of the loading dock, ramp, scaffold or other structure from which the plank that hit the plaintiff dislodged; ;;

e. failing to comply with all applicable federal, state and local laws and regulations pertaining to safety and, particularly, with regard to design, construction and use of loading docks, ramps, scaffolds or other structures on a construction site;

f. otherwise failing to exercise reasonable care with regard to the design, construction and use of loading docks, ramps, scaffolds or other structures on a construction site and the training and supervision of the workers who use them.

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| Raymond Tarte<br>Plaintiff | : | July TERM, 20 24 |
| v. | : | NO. 02789 |
| Gilbane Building Company<br>Defendant | : | |

**RETURN OF SERVICE/AFFIDAVIT**

I, ______________________________, hereby certify that I served a true and

correct copy of the Complaint / Notice of Appeal / Rule on ____________________,
(Insert Name of Party)

1) By handing a copy to the Defendant / Appellee, ____________________,

on the ___ day of ______________, 20________, at __________ AM/PM, at

______________________________________, Philadelphia, PA.

2) By handing a copy to ______________________________, an adult

member of the family/adult person in charge of Defendant's / Appellee's residence,

on the ___ day of ______________, 20________, at __________ AM/PM, at

______________________________________, Philadelphia, PA.

I verify that the statements in this Return of Service are true and correct. I further verify that I am an adult over the age of 18 and not related to any party in this action.
I understand that this unsworn document contains statements that are made subject to the penalties of 18 P.C.S. §4904 relating to unsworn falsification to authorities.

Sworn to and Affirmed
This day 20

_______________ ______________________________ (Sign)
Notary Public
(SEAL) ______________________________ (Print Name)

26. As a result of the defendants' negligence, plaintiff sustained severe and permanent injuries including, but not limited to, traumatic brain injury, fractured scapula, and a fractured ankle all of which have required medical treatment and continue to require medical treatment.

27. As a result of the defendants' negligence, plaintiff sustained severe and permanent injuries which have prevented him from working in his trade since the date of the accident and which will prevent him from working in the future.

28. As a result of the defendants' negligence, plaintiff's injuries have prevented him from engaging in other usual and customary daily activities and deprive him of the enjoyment of life's pleasures.

29. As a result of his injuries, plaintiff continues to experience pain , discomfort, and limited range of motion in his neck, shoulders and ankle and dizziness and headaches all of which may be permanent sequalae from the accident

30. As a result of the defendants' negligence, plaintiff has suffered loss of wages and benefits from employment, loss of earning capacity in the future, medical expenses, an obligation for reimbursement of workers compensation benefits, and other significant economic loss.

WHEREFORE, plaintiff Raymond Tarte demands entry of judgment in his favor and against all defendants for compensatory damages in an amount in excess of $50,000.00.

## COUNT III – VICARIOUS LIABILITY GILBANE AND ABC SUBCONTRACTORS 1-5

31. Plaintiff repeats and realleges the allegations of the prior paragraphs of his complaint as though they were set forth at length herein.

32. John and Jane Does 1-5 are the agents, servants, workmen or employees of Gilbane or ABC Subcontractors 1-5.

33. Gilbane and ABC Subcontractors 1-5 are vicariously liable for the negligence of their agents, servants, workmen or employees John and Jane Does 1-5.

WHEREFORE, plaintiff Raymond Tarte demands entry of judgment in his favor and against all defendants for compensatory damages in an amount in excess of $50,000.00.

SCOTT I. FEGLEY, ESQ.
Attorney for Plaintiff

DATE: July 25, 2024

**VERIFICATION**

I, RAYMOND TARTE, the plaintiff herein, hereby verify that the factual statements contained herein are true and correct to the best of my knowledge, information and belief. The language of the complaint is that of my attorney and I rely upon him for the accuracy of statements of law. I understand that this verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Raymond Tarte

Raymond Tarte

DATE: July 23, 2024

Scott I. Fegley, Esq.
The Fegley Law Firm
Attorney I.D. No. 51179
Makefield Executive Quarters
301 Oxford Valley Road
Suite 402 A
Yardley, PA 19067
(215) 493-8287

Filed and Attested by the Office of Judicial Records 25 JUL 2024 04:03 pm

**JURY TRIAL DEMANDED**

| | |
|---|---|
| RAYMOND TARTE<br>31 Peters Lane<br>Apt. K4<br>Blackwood, NJ 08012<br><br>Plaintiff,<br>v.<br><br>GILBANE BUILDING COMPANY<br>1200 Intrepid Avenue<br>Suite 405<br>Philadelphia, PA 19112<br><br>and<br><br>ABC SUBCONTRACTORS 1- 5<br><br>and<br><br>JOHN or JANE DOES 1 - 5<br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM<br><br>DOCKET NO.<br><br>Civil Action |

**NOTICE TO DEFEND**

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

**AVISO**

"Le hand demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333 TTY# (215) 451-6197

usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E. Informacion
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333 TTY# (215) 451-6197